Case 1:18-cv-01531-RCL   Document 1-1   Filed 06/27/18   Page 1 of 11

# Exhibit A

WILMERHALE

April 3, 2018

John Walsh

+1 202 663 6000 (t)
+1 202 663 6363 (f)
john.walsh@wilmerhale.com

VIA ELECTRONIC MAIL

Sabrina Burroughs
FOIA Officer
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Room 3.3D
Washington, DC 20229-1181

Dear Ms. Burroughs:

Please find attached a request for information under the Freedom of Information Act (FOIA) from the American Immigration Council, National Immigrant Justice Center, Women's Refugee Commission, Kids in Need of Defense, and the Florence Immigrant and Refugee Rights Project (Requesters). We represent these organizations in this FOIA request, so please direct any legal questions to us. The applicable documents, however, should be produced to Katie Shepherd of the American Immigration Council. Her address is:

> Katie Shepherd
> American Immigration Council
> 1331 G Street NW, Suite 200
> Washington, DC 20005
> Phone: 202-507-7520
> KShepherd@immcouncil.org

Thank you for your prompt attention to this matter.

Sincerely,

John Walsh
NI QIAN
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 17th St., Suite 2600
Denver, CO 80202
Phone: 720-274-3135

WILMERHALE

Page 2

Facsimile: 720-274-3133
john.walsh@wilmerhale.com
ni.qian@wilmerhale.com



April 3, 2018

VIA ELECTRONIC MAIL

Sabrina Burroughs
FOIA Officer
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW
Room 3.3D
Washington, DC 20229-1181

Re:     Freedom of Information Act (FOIA) Request

Dear FOIA Officer:

      The American Immigration Council, National Immigrant Justice Center, Women's Refugee Commission, Kids in Need of Defense, and the Florence Immigrant and Refugee Rights Project (the "Requesters") submit this letter as a request for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*[1]

---

[1]     Corresponding FOIA requests were sent to the following FOIA Officers at the respective agencies: Catrina Pavlik-Keena, the FOIA Officer for U.S. Immigration & Customs Enforcement (ICE); Bradley White, the FOIA Officer for the Office for Civil Rights and Civil Liberties; Avery Roselle, the FOIA Officer for the Office of the Inspector General for the Department of Homeland Security; Sam Kaplan, the Chief FOIA Officer for the U.S. Department of Homeland Security; Amanda Jones, Chief FOIA Officer for the Criminal Division of the Department of Justice (DOJ); Deborah Waller, Government Information Specialist for the Office of the Inspector General at DOJ; the FOIA Officer for the U.S. Marshals Service; Melissa Golden, the FOIA Specialist for the Office of Legal Counsel at DOJ; Laurie Day, the Chief of Initial Request Staff for the Office of the Attorney General at DOJ; Hirsch D. Kravitz, the FOIA Officer for the Civil Division of DOJ; Joseph R. Schaaf, the FOIA Officer for the Executive Office for Immigration Review (EOIR) at DOJ; Kevin Krebs, the FOIA Officer at the Executive Office for United States Attorneys at the DOJ; Kimberly Epstein, the Acting FOIA Officer for Administration for Children and Families; Michael Marquis, the FOIA Officer for U.S. Department of Health and Human Services (HHS); Harold Henderson, the FOIA Officer for the Office for Civil Rights at HHS; and Robin Brooks, the FOIA Officer for the Office of Inspector General at HHS.

**1.    REQUEST FOR INFORMATION**

The Requesters seek any and all records[2] that were prepared, received, transmitted, collected and/or maintained by the U.S. Customs and Border Protection (CBP)[3] and that describe, refer, or relate to the policies, guidelines, or procedures followed or used by the U.S. Department of Homeland Security (with all its component agencies, collectively, DHS), the Department of Health and Human Services (with all its component agencies, collectively, HHS), and the Department of Justice (with all its component agencies, collectively "DOJ"), relating to the processing and treatment of families, including any group of two or more persons holding themselves out as such, containing at least one adult family member and one minor child[4] who arrive or are found inadmissible at the border, particularly the U.S.-Mexico border, including ports of entry. Requesters are particularly interested in records that relate or touch on in any way the separation of adult family members from minor children, or the separation of adults from minor children who are claiming to be family members; after separation, the process for detaining the adult family members and minor children in different DHS, HHS, or DOJ facilities; and the criminal prosecution of adult family members.

Requesters seek the above records for the period between October 2016 and the date of the final response to this request. Please construe this as an ongoing FOIA request, so that until a proper and adequate search is conducted, any records that come within the possession of the agency prior to the final response to this FOIA request be considered within the scope of the request.

The requested records include, but are not limited to:

1. All records regarding the past or planned implementation and use of any electronic system, including Sigma and E3, to track instances in which at least one child is separated from at least one adult family member while in the custody of CBP. Records should include all data fields contained in the tracking system, such as:

    (a) Unique identifier;

---

[2]   The term "records" as used herein includes, but is not limited to: communications, correspondence, directives, documents, data, videotapes, audiotapes, e-mails, faxes, files, guidance, guidelines, standards, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, manuals, technical specifications, training materials, and studies, including records kept in written form, or electronic format on computers and/or other electronic storage devices, electronic communications and/or videotapes, as well as any reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

[3]   The term "CBP" as used herein means CBP headquarters offices, including any divisions, subdivisions or sections therein; CBP field operations offices, including any divisions, subdivisions or sections therein; CBP offices at ports of entry, including any divisions, subdivisions or sections therein; and/or any other CBP organizational structures.

[4]   For the purposes of this Request, "child" refers to individuals under the age of 18. The term "families" as used in this Request includes any adult traveling with a child who claims to be the mother, father, or primary caregiver of that child, including cases where evidence of the family relationship is not yet proven or where the agency alleges or suspects the relationship is not bona fide.

    (b) Event area of responsibility;

    (c) Title of officer who apprehended or encountered individual;

    (d) Title of officer who referred non-citizen adult for criminal prosecution, if applicable;

    (e) Citizenship country;

    (f) Case status for adult/child;

    (g) Whether family relationship is verified, and by what means;

2. All records related to any past, current, or planned policy, guidance, or recommendation regarding the separation of families who arrive at the border, particularly the U.S.-Mexico border, including ports of entry;

3. All records related to past or planned training of CBP officers regarding screening of adult family members for referral for criminal prosecution for immigration violations;

4. All records related to past or planned training of CBP regarding treatment of adult family members and minor children in CBP custody who have been separated while in ICE or CBP custody;

5. All records related to past or planned training of CBP regarding screening and identification of potential human trafficking situations;

6. All records related to CBP's practices or protocols for coordinating the location of, and communication (telephonic, video, or in-person) between, an adult family member and a minor child, following separation of the adult family member from the child while in CBP custody;

7. All records related to coordination among CBP, ICE, and DHS regarding the processing and handling of the separation of adult family members from minor children;

8. All records related to coordination between CBP and HHS regarding the separation of adult family members from minor children, including the separate sheltering of those minor children;

9. All records related to coordination between CBP and DOJ regarding the criminal prosecution of any such families or noncitizen parents;

10. All records related to CBP's practices or protocols for verifying a family relationship prior to separation of an adult family member and a minor child, including the use of DNA testing;

11. All records related to CBP's practices or protocols outlining the process that must be followed and the evidentiary standard that must be met prior to the separation of an adult

family member from a minor child on the basis of an allegation or suspicion that the family relationship is not bona fide;

12. All records containing the following data, broken down by month where possible:

    (a) The number of minor children separated from an adult family member, or person who claims to be as such, by a CBP officer while in CBP custody;

    (b) The number of minor children separated from a legal guardian or at least one parent, by a CBP officer while in CBP custody;

    (c) Where at least one child is separated from at least one accompanying adult family member while in CBP custody, the number of instances in which adult family members were referred by CBP for criminal prosecution, including for human trafficking;

    (d) Where at least one child is separated from a legal guardian or at least one parent while in CBP custody, the number of instances in which the legal guardian or parent was referred by CBP for criminal prosecution, including for human trafficking;

    (e) Of the total number of adult family members separated from a minor child while in CBP custody, the number of convictions entered for the adult family members for "smuggling" under 8 U.S.C. Sec. 1324, "illegal entry" under 8 U.S.C. Sec. 1325, "illegal reentry" under 8 U.S.C. Sec. 1326, or other federal charges (broken down by statute of conviction);

    (f) Of the total number of legal guardians or parents separated from a minor child while in CBP custody, the number of convictions entered for the legal guardians or parents for "smuggling" under 8 U.S.C. Sec. 1324, "illegal entry" under 8 U.S.C. Sec. 1325, "illegal reentry" under 8 U.S.C. Sec. 1326, or other federal charges (broken down by statute of conviction);

    (g) Of the total number of adult family members who were convicted for a criminal offense arising out of an immigration violation, including "smuggling," "illegal entry," "illegal reentry," or other federal charges, the total number of such individuals who were ultimately removed from the United States;

        i. Of those adult family members ultimately removed following conviction for a criminal offense arising out of an immigration violation, the total number of instances in which an accompanying child was included on the adult family member's Notice to Appear (NTA) and removed along with the adult family member.

        ii. Of those adult family members ultimately removed following conviction for a criminal offense arising out of an immigration violation, the number

       of adult family members who were removed pursuant to expedited removal, reinstatement of removal, administrative removal or full removal proceedings.

(h) Of the total number of adult family members who were convicted for an immigration violation, including "smuggling," "illegal entry," "illegal reentry," or other federal charges, the total number of such individuals who were transferred to the custody of U.S. Marshals Service;

(i) Where at least one child is separated from at least one accompanying adult family member while in CBP custody, the number of instances in which CBP has effectuated the separation due to allegations or suspicion that the family relationship is not bona fide;

(j) The number of noncitizen adult family members who have been referred for a credible fear interview or reasonable fear interview by CBP after being separated from at least one related minor child;

(k) The number of minor children who departed the United States after being separated from an adult family member while in CBP custody, broken down by expedited removal, reinstatement of removal, administrative removal or full removal proceedings;

(l) All complaints received by CBP regarding the separation of families via all possible mechanisms, including referrals from the DHS Office of Civil Rights and Civil Liberties and/or the Office of the Inspector General.

      The Requesters ask that any records that exist in electronic form be provided in their native electronic format on a compact disc, digital videodisk, or equivalent electronic medium. Requesters ask that any documents stored in Portable Document Format ("PDFs") be provided as individual files in a searchable PDF format. Finally, Requesters ask that reasonable metadata be transmitted along with files, including but not limited to maintaining parent-child relationships between emails and their attachments, author information, as well as date and time stamp information. If any of the requested records or information are not kept in a succinct format, we request the opportunity to view the documents in your offices.

      All requested records that are responsive may be provided with personally identifying details redacted. FOIA exempts information from disclosure if that disclosure would lead to an unwarranted invasion of privacy. 5 U.S.C. § 552(b)(6). Determination of this exemption requires a balancing of the public's interest in obtaining the information against any possible invasions of privacy which would result from disclosure. *See, e.g., Wood v. FBI,* 432 F.3d 78, 87-89 (2d Cir. 2005). The Supreme Court has held that this balancing act does not preclude the disclosure of military records when names and other private details are redacted. *See Dep't of the Air Force v. Rose,* 425 U.S. 352 (1976). Requesters expect the release of all segregable portions of otherwise exempt material.

If, under applicable law, any of the information requested is considered exempt, please describe in detail the nature of the information withheld, the specific exemption or privilege upon which the information is withheld, and whether the portions of withheld documents containing non-exempt or non-privileged information have been provided.

## 2.     REQUEST FOR WAIVER OF FEES

We ask that the agency waive all fees associated with this FOIA request. Such a waiver is warranted because disclosure of the information is "...likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k) (records furnished without charge or at a reduced rate if the information is in the public interest, and disclosure is not in commercial interest of institution). In addition, the Requesters have the ability to widely disseminate the requested information. *See Judicial Watch v. Rossotti,* 326 F.3d 1309 (D.C. Cir. 2003) (finding a fee waiver appropriate when the requester explained, in detailed and non-conclusory terms, how and to whom it would disseminate the information it received).

   *a) Disclosure of the Information Is in the Public Interest*

Disclosure of the requested information will contribute significantly to public understanding of government operations and activities related to the processing and treatment of adult noncitizens seeking asylum and/or expressing fear of return to their countries of origin who arrive at ports of entry with their minor children. Such information is of great public interest given the news coverage and public discussion raising serious criticism and concerns related to the practice of family separation.[5] A better understanding of the family separation practices currently in place are critically important to assist attorneys, non-citizens, and the general public in understanding how the U.S. government treats families who seek safe haven in our country.

As discussed below, Requesters have the capacity, intent and demonstrated ability to disseminate the requested information to a broad cross-section of the public.

Requesters are all non-profit organizations established to increase public understanding of immigration law and policy, advocate for the fair and just administration of our immigration laws, protect the legal rights of noncitizens, and educate the public about the enduring contributions of America's immigrants. Each Requester researches issues related to immigration, and regularly provides information to leaders on Capitol Hill, the media, and the general public. Each Requester works with other immigrants' rights organizations and immigration attorneys across the United States to advance the fair administration of our immigration laws. Furthermore, some Requesters have synthesized and disseminated information from prior FOIA requests to facilitate the sharing

---

[5] *See, e.g,* Caitlin Dickerson & Ron Nixon, *White House Weighs Separating Families to Deter Migrants*, N.Y. Times, Dec. 22, 2017 (https://www.nytimes.com/2017/12/21/us/trump-immigrant-families-separate.html); Dora Galacatos, Alan Shapiro & Brett Stark, *The Cruel Ploy of Taking Immigrant Kids From Their Parents*, N.Y. Times, Feb. 28, 2018 (https://www.nytimes.com/2018/02/28/opinion/immigrant-children-deportation-parents.html); Michael E. Miller & Jon Gerberg, *"Where's Mommy?": A Family Fled Death Threats, Only to Face Separation at the Border*, Washington Post, Mar. 18, 2018 (https://www.washingtonpost.com/local/wheres-mommy-a-family-fled-death-threats-only-to-face-separation-at-the-border/2018/03/18/94e227ea-2675-11e8-874b-d517e912f125_story.html).

of this information with a broad public audience. *See, e.g., Behind Closed Doors: An Overview of DHS Restrictions on Access to Counsel,* a report summarizing certain key documents released by DHS agencies in response to FOIA requests regarding noncitizens' access to counsel, *available at* https://www.americanimmigrationcouncil.org/research/behind-closed-doors-overview-dhs-restrictions-access-counsel (last visited, April 3, 2018).

Requesters will analyze and post the information obtained through this FOIA request on their publicly accessible websites. If the responsive information is voluminous, Requesters also will publish a summary analysis of such information and will disseminate that summary through their established networks. Finally, Requesters have regular contact with national print and news media and plans to share information gleaned from FOIA disclosures with interested media.

b) *Disclosure of the Information Is Not Primarily in the Commercial Interest of Requesters*

Requesters are not-for-profit organizations. We seek the requested information for the purpose of disseminating it to members of the public who have access to our public website and other free publications, and not for the purpose of commercial gain.

\* \* \*

Please provide the applicable records to:

Katie Shepherd
American Immigration Council
1331 G Street NW, Suite 200
Phone: 202-507-7520
Email: kshepherd@immcouncil.org.

Thank you for your prompt attention to this request.

Sincerely,

*[signature]*

KATIE SHEPHERD
EMILY CREIGHTON
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
Phone: 202-507-7511
Email: kshepherd@immcouncil.org

MICHELLE BRANE
WOMEN'S REFUGEE COMMISSION
1012 14th Street NW, Suite 1100
Washington, DC 20005

MARY MEG MCCARTHY
NATIONAL IMMIGRANT JUSTICE CENTER

JENNIFER PODKUL
KIDS IN NEED OF DEFENSE

7

c/o Jenner & Block, LLP  
1099 New York Avenue NW  
Washington, DC 20001  

1300 L St. NW, Suite 1100  
Washington, DC 20005  


LAURA ST. JOHN  
FLORENCE PROJECT  
Florence Project Main Office  
P.O. Box 654  
Florence, Arizona 85132  


*By and through counsel:*

s/ John Walsh  
JOHN WALSH  
NI QIAN  
WILMER CUTLER PICKERING  
HALE AND DORR LLP  
1225 17th St., Suite 2600  
Denver, CO 80202  
Phone: 720-274-3135  
Facsimile: 720-274-3133  
john.walsh@wilmerhale.com  
ni.qian@wilmerhale.com