**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil Action No. 18-cv-1531 RCL |

**ANSWER**

Defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP") and U.S. Department of Homeland Security ("DHS"), by and through the undersigned counsel, hereby answer plaintiff American Immigration Council's Complaint under the Freedom of Information Act ("FOIA") as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**THIRD DEFENSE**

The Court lacks jurisdiction over the subject matter of this Complaint for any relief that exceeds the relief authorized by statute under 5 U.S.C. § 552.

**COMPLAINT**[1]

1. Sentence 1 in paragraph 1 of the Complaint contains plaintiff's characterization of this action, to which no response is required. The remainder of the allegations in paragraph 1 contain legal conclusions to which no response is required.
2. Paragraph 2 consists of legal conclusions and argument and statements not pertaining to the FOIA or plaintiff's FOIA requests at issue, to which no response is required.

**JURISDICTION AND VENUE**

3. Paragraph 3 contains plaintiff's conclusions of law regarding jurisdiction, to which no response is required.
4. Paragraph 4 contains plaintiff's conclusions of law regarding venue, to which no response is required.
5. Defendants admit that plaintiff filed FOIA requests on April 3, 2018, and that defendants acknowledged receipt of the requests. Defendants deny that they have not made determinations with respect to the requests. Sentence 3 of this paragraph contains conclusions of law to which no response is required.

[1] Merely for ease of reference, defendants' Answer replicates the headings contained in the Complaint. Although defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**PARTIES**

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Defendant DHS admits that it is an agency of the U.S. Government headquartered in Washington, D.C., responsible for enforcing federal immigration law, and has possession, custody and control over certain records requested by plaintiff under the FOIA.

8. Defendant ICE admits that it is a component of DHS and that ICE is an agency of the federal government. With respect to the allegations contained in the fourth sentence of paragraph 8, ICE lacks sufficient knowledge or information to admit or deny the truth of the allegations regarding records plaintiff seeks.

9. Defendant CBP admits the first, second, and third sentence of this paragraph. CBP lacks sufficient information to admit or deny the fourth sentence of this paragraph.

**STATEMENT OF FACTS**

10-17. Paragraphs 10-17 do not set forth a claim for relief or allege facts in support of plaintiff's FOIA claims raised in this case, and thus no response is required.

**DEFENDANTS' FAILURE TO PROPERLY RESPOND TO THE FOIA REQUESTS**

18. Defendants admit that on April 3, 2018, plaintiff submitted separate FOIA requests to DHS, CBP, and ICE. Defendants lack knowledge or sufficient information to form a belief as to truth of the remaining allegations in this paragraph.

19. Paragraph 19 contains plaintiff's characterization of plaintiff's FOIA requests submitted to defendants. Defendants aver that plaintiff's FOIA requests are the best evidence of their

contents and respectfully refer the Court to the referenced requests for the true and complete contents.

16. Paragraph 16 contains plaintiff's characterization of the FOIA and legal conclusions, to which no response is required. Defendants respectfully refer the Court to the referenced provisions of the FOIA statute for its true and complete contents.[2]

17. Paragraph 17 contains plaintiff's characterization of the FOIA and legal conclusions. Defendants respectfully refer the Court to the referenced provisions of the FOIA statute for its true and complete contents.

18. Paragraph 18 contains plaintiff's characterization of the FOIA and legal conclusions. Defendants respectfully refer the Court to the referenced provisions of the FOIA statute for its true and complete contents.

19. Defendant DHS admits the allegation in paragraph 19.

20. Defendant ICE admits the allegations in paragraph 20.

21. Paragraph 21 contains plaintiff's conclusions of law, to which no response is required.

22. As to the first sentence in paragraph 22, defendants admit that plaintiff sent follow-up requests. As to the second sentence in paragraph 22, with respect to defendant DHS, DHS denies that plaintiff had not received any determination on the FOIA request from DHS. With respect to defendant CBP, CBP denies that, by this date, plaintiff had not received an

[2] The Complaint mis-numbers the paragraphs. What should be paragraphs 20-36 are numbered as 16-32. Defendants refer to plaintiff's numbering of the paragraphs; therefore, the numbering restarts at paragraph 16.

acknowledgement letter from CBP. Defendants CBP and ICE admit that plaintiff had not received a determination on its FOIA requests from both CBP and ICE as of May 8, 2018.

23. Paragraph 23 contains plaintiff's characterization of a letter sent to plaintiff by CBP. CBP respectfully refers the Court to the referenced letter for a true and accurate statement of its contents.

24. Defendant DHS denies that it failed to make a determination regarding the FOIA requests. Defendant admits that the deadline passed. The remainder of the allegations contain conclusions of law to which no response is required.

25. Defendant DHS denies that it failed to make any determination regarding the request. Defendant CBP avers that it sent an acknowledgement letter to plaintiff on April 4, 2018, and a status letter on May 30, 2018, and admits that it has not had further communication with plaintiff. Defendant ICE avers that it is processing plaintiff's request.

**COUNT 1 – VIOLATION OF FOIA, 5 U.S.C. § 552 FOR IMPROPER WITHOLDING OF RESPONSIVE DOCUMENTS**

26. Defendants incorporate their answers to the foregoing paragraphs as set forth above.

27. Paragraph 27 contains plaintiff's conclusions of law, to which no response is required.

28. Paragraph 28 contains plaintiff's conclusions of law, to which no response is required.

29. Defendants deny the allegations in paragraph 29.

30. Paragraph 30 contains plaintiff's conclusions of law to which no response is required.

31. Defendants deny the allegations in paragraph 31.

32. Paragraph 32 contains plaintiff's conclusions of law to which no response is required.

The remainder of the Complaint is a prayer for relief to which no response is required,

but insofar as a response is deemed required, defendants deny that plaintiff is entitled to the requested relief or to any relief whatsoever.

Each and every allegation not heretofore expressly admitted or denied is denied.

Respectfully submitted,

JESSIE K. LIU
D.C. Bar # 472845
U.S. Attorney for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

/s/ *Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561