UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>U.S. IMMIGRATIONS & CUSTOMS ENFORCEMENT <u>et al</u>.,  )<br>)<br>Defendants.  ) | Civil Action No. 18-1531 (RCL) |

**DEFENDANTS' STATUS REPORT AND
RESPONSE TO PLAINTIFF'S STATUS REPORT[1]**

By Status Report dated May 24, 2019, defendants provided the Court with a status of this Freedom of Information Act ("FOIA") case. Defendants file this report today to update the Court on the status of the FOIA requests at issue and to respond to plaintiff's status report. See ECF 41. Defendants note at the outset that plaintiff's use of a status report to request an order seeking specific relief from this Court is improper, given that requesting relief from the Court should be done by motion. Nonetheless, defendants explain herein why certain relief requested by plaintiff is not achievable without seriously prejudicing other FOIA requesters and litigants.

(1) With respect to defendant Department of Homeland Security ("DHS"), as previously noted, DHS has completed the searches for parts 1 through 5 of the revised agreed upon

---

[1] Plaintiff complains that defendants refused to file a joint status report with them. Plaintiff neglects to divulge that plaintiff's counsel provided defense counsel with a draft of the report they filed on July 24th at 10:05 am and demanded that defense counsel respond by 4:00 pm with any comments. Given that defense counsel was working on a motion for summary judgment and six other court filings due that day and the next, such a response time was impossible.

search parameters, and has located to date 8,227 potentially responsive documents. The DHS Office of Civil Rights and Civil Liberties ("CRCL") received 1650 complaints relating to family separation. CRCL is in the process of pulling the complaints for the FOIA office. This requires CRCL to manually pull each complaint. The FOIA office is working on initial responsiveness review and de-duplication for the documents received from the Chief Information Office IT search. DHS will begin processing potentially responsive documents and will make its first production on or before September 30, 2019. DHS will process/review 250 pages per month and will produce a Vaughn index when all the responsive documents have been produced.

  Plaintiff argues that it has repeatedly requested to meet and confer regarding DHS's status and that has not occurred. Plaintiff is right. This was not the fault of DHS and was due solely to the schedule of lead defense counsel, who is managing an unprecedented number of these FOIA cases, along with all the other cases assigned to her, and has had difficulty scheduling conference calls with all the FOIA plaintiffs' counsel who want to receive frequent updates. Counsel will endeavor to do better, and will try to schedule a call with plaintiff's counsel by August 15, 2019.

  With respect to plaintiff's request that this Court order DHS to produce 500 pages a month along with a Vaughn index, DHS cannot produce processed pages at that rate without severely prejudicing other FOIA requesters. DHS Privacy is currently handling over 65 active FOIA lawsuits and producing records in 41 of these lawsuits. See ECF 31 Holzer Declaration for additional information on resource constraints. As an initial matter, in order to produce 500 pages a month, a much greater number of pages must be reviewed given that some pages may be withheld in full. As to requiring monthly Vaughn indices, for both DHS and the other requesters, not only does plaintiff cite no authority for such a proposition, but requiring an agency to take time out to produce monthly Vaughn indices would divert resources from processing both plaintiff's requests and those of the other FOIA requesters and FOIA litigants. A Vaughn Index and/or declaration is

ordinarily produced at the end of the processing of the information, and plaintiff has provided no justification for departing from this ordinary process.

After the production has been completed, DHS agrees to provide plaintiff draft <u>Vaughn</u> index covering the exemption claims plaintiff seeks to challenge. However, before creating the draft <u>Vaughn</u> index, DHS would like to confer with plaintiff so that only the records of issue are the focus of the index. The purpose of producing a draft <u>Vaughn</u> index is to allow the parties to confer after the production, to determine if the areas of dispute can be narrowed before the parties file dispositive motions.

(2)    With respect to defendant Customs and Border Protection ("CBP"), as explained in the last report, the parties conferred on ways to reduce the need to process the approximately 1,467,474 pages CBP located in its search. At CBP's invitation, plaintiff provided CBP with a narrowed list of search terms, and reduced number of custodian accounts to be searched. CBP conducted a new search to determine how much of a reduction these new terms and reduced custodian accounts would make in the total number of pages originally retrieved. The new search only reduced the number of pages to be processed to 1,263,000. The parties still need to confer on how to proceed.

Plaintiff is correct that lead defense counsel accidentally missed a planned call to discuss the issues pertaining to CBP and has not been able yet to reschedule the call. Defense counsel apologized repeatedly for this. Counsel will endeavor to do better, and will try to schedule a call with plaintiff's counsel by August 15, 2019.

CBP does not oppose plaintiff's request that the parties file a proposed scheduling order, but the filing of a production order is premature until the parties reach an agreement on how to narrow the universe of documents to be processed.

(3)    With respect to defendant Immigration and Customs Enforcement ("ICE"), ICE has

been making productions to plaintiff approximately monthly of information which is ICE component-focused.  In regard to emails from identified ICE personnel, on April 10, 2019, plaintiff provided defense counsel with a set of narrowed search terms and narrowed custodians for ICE to use to try and narrow the scope of the millions of records obtained in ICE's initial data pull.  Using what plaintiff provided, ICE determined that the narrowed search terms and custodians reduced the number of potentially responsive documents from approximately 6.5 million to 1.2 million documents.  Plaintiff was provided with a report explaining the results of this additional search and defendant requested a date to confer regarding how to proceed.

      The parties did confer and reach an agreement as to how ICE would proceed.  ICE is currently reviewing at least 500 pages a month and has been able to produce more than 500 pages a month for the last several months.

      Plaintiff requests that the Court order ICE to produce 500 pages a month along with monthly <u>Vaughn</u> indices.  As noted above, in order to produce 500 pages a month, the agency often has to review many more pages than that.  ICE agrees to continue to review at least 500 pages a month, but it should not be ordered to review more than that, in order to guarantee a production of 500 pages a month.  Additionally, requiring a monthly <u>Vaughn</u> index would divert resources from processing both plaintiff's requests and those of the other FOIA requesters and FOIA litigants.  After the production has been completed, ICE agrees to provide plaintiff draft <u>Vaughn</u> index covering the exemption claims plaintiff seeks to challenge.  However, before creating the draft <u>Vaughn</u> index, ICE would like to confer with plaintiff so that only the records of issue are the focus of the index.  The purpose of producing a draft <u>Vaughn</u> index is to allow the parties to confer after the production, to determine if the areas of dispute can be narrowed before the parties file dispositive motions.

If this Court is inclined to order a specific production pace from defendants, defendants request an opportunity to file a declaration with the Court first, explaining to the Court in greater detail the limited resources that would prevent the production rates sought by plaintiff.

Absent an Order from the Court setting a different date, defendants will report back to the Court on August 30, 2019, on the progress of responding to plaintiff's FOIA requests.  By then conference calls with plaintiff's counsel and DHS and CBP should have occurred which will yield more concrete information.

                                                Respectfully submitted,

                                                JESSIE K. LIU
                                                D.C. Bar #472845
                                                United States Attorney

                                                DANIEL F. VAN HORN
                                                D.C. Bar # 924092
                                                Chief, Civil Division

                                                */s/ Marina Utgoff Braswell*
                                                MARINA UTGOFF BRASWELL
                                                D.C. Bar #416587
                                                Assistant United States Attorney,
                                                555 4th Street, N.W.
                                                Washington, D.C.  20530
                                                Tel: (202) 252-2561
                                                Marina.Braswell@usdoj.gov