UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Civil Action No. 18-1531 (RCL) |

**JOINT STATUS REPORT**

Pursuant to the Court's September 23, 2022 Minute Order, Plaintiff American Immigration Council ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP") and the U.S. Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of the status of Defendants' processing of Plaintiff's Freedom of Information Act ("FOIA") request.

**CBP**

Joint Report:  In September 2022, CBP processed 1,769 pages.  Of those, 1,404 pages were deemed nonresponsive, 2 pages were duplicates of records already produced, and 362 pages were withheld pursuant to FOIA exemptions.  The 1 remaining responsive page was released by CBP on September 27, 2022 with no redactions.

In October 2022, CBP processed 1,687 pages.  Of those, 1,687 pages were deemed non-responsive in CBP's October 26, 2022 response letter.

In November 2022, CBP processed 1,584 pages. Of those, 1,410 pages were deemed non-responsive, 14 pages were deemed duplicates of records already produced, and 116 pages were withheld in full pursuant to FOIA exemptions. The remaining 44 responsive pages were released by CBP on November 23, 2022 with partial redactions made pursuant to FOIA exemptions.

Plaintiff and CBP have conferred regarding ways to improve the rate of responsive pages produced each month. First, CBP has agreed to switch to processing documents using the RelativityOne ("RelOne") document review platform. Using RelOne, CBP will be able to better identify and remove "junk" records, more accurately de-duplicate records, and more accurately apply complex Boolean searches. Second, the parties have agreed to apply certain exclusionary search terms (including e.g., "AND NOT") in RelOne, which will also reduce the universe of potentially responsive records requiring review. Third, based on CBP's observation that there are sometimes large records that can be quickly identified as nonresponsive without having to carefully review each line, CBP has also agreed in principle to not automatically count every page of such large records against CBP's minimum quota of at least 500 pages of records each month, and to instead only count the number pages reasonably necessary to identify such large records as nonresponsive. Lastly, Plaintiff has agreed that CBP can skip its December 2022 production—and make its next production by January 31, 2023—in order to implement the switch to the RelOne platform and the aforementioned agreements.

CBP will continue to process at least 500 pages of records each month, from the results of searches performed using search terms agreed upon by the Parties, and shall continue to produce responsive, non-exempt records no later than the last business day of each month, pursuant to the Court's September 3, 2019 Order (ECF No. 46).

## ICE

Joint Report: In September 2022, ICE processed 507 pages, determined that 172 pages were duplicates of records already produced, referred 7 pages to an outside agency for direct response to the Plaintiff, sent 86 pages for submitter's review and sent 169 pages to other agencies for consultation. On September 29, 2022, ICE made its thirty-sixth interim release and released 73 responsive pages with partial redactions made pursuant to FOIA exemptions.

In October 2022, ICE processed 502 pages, determined that 71 pages were duplicates of records already produced, determined that 111 pages were non-responsive to the request, referred 31 pages to outside agencies for direct response to Plaintiff, and sent 216 pages to other agencies for consultation. On October 31, 2022, ICE made its thirty-seventh interim release and released 73 responsive pages with partial redactions made pursuant to FOIA exemptions.

In November 2022, ICE processed 502 pages, determined that 105 pages were duplicates of records already produced, determined that 156 pages were non-responsive to the request, referred 55 pages to outside agencies for direct response to the Plaintiff, and sent 81 pages to other agencies for consultation. On November 22, 2022, ICE made its thirty-eighth interim release and released 105 responsive pages with partial redactions made pursuant to FOIA exemptions.

ICE will continue to follow up with other agencies to which responsive records were sent for consultation.

## DHS

Joint Report: In June 2022, DHS processed 564 pages. On July 1, 2022, DHS released to Plaintiff 521 pages. Of the 521 pages, 155 pages were released in full, 90 were released with partial redactions pursuant to FOIA exemptions, and 276 pages were withheld in full pursuant to

FOIA exemptions. DHS sent 9 pages as a referral to CBP and 34 pages were sent for consultation to other agencies.

In July 2022, DHS processed 604 pages. On August 1, 2022, DHS released to Plaintiff 555 pages. Of the 555 pages, 271 pages were released in full, 77 were released with partial redactions pursuant to FOIA exemption, and 207 pages were withheld in full pursuant to FOIA exemptions. 44 pages were sent for consultation to other agencies.

In August 2022, DHS processed 107 pages it received as a referral from ICE. On August 31, 2022, DHS released to Plaintiff 96 pages. Of the 96 pages, 3 pages were released in full and 93 were released with partial redactions pursuant to FOIA exemptions. 11 pages were sent for consultation to other agencies.

Except for the records sent for consultation to other agencies, DHS has completed producing all non-exempt record. DHS will continue to follow up with the other agencies to which responsive records were sent for consultation.

* * *

The Parties propose that they file their next joint status report on March 22, 2023 to update the Court on the processing of Plaintiff's FOIA requests.

Respectfully submitted,

/s/ John F. Walsh
John F. Walsh (Bar No. CO0074)
David P. Yin (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE & DORR LLP
1875 Pennsylvania Avenue NW
Washington, D.C. 20006
(202) 663-6000
john.walsh@wilmerhale.com
david.yin@wilmerhale.com

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney
for the District of Columbia

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/ Stephanie R. Johnson
        STEPHANIE R. JOHNSON
        D.C. Bar #1632338
        Assistant United States Attorney

| | |
|---|---|
| Emily Creighton (Bar No. 1009922)<br>AMERICAN IMMIGRATION COUNCIL<br>1331 G Street, N.W., Suite 200<br>Washington, DC 20005<br>(202) 507-7500<br>ecreighton@immcouncil.org<br><br>*Attorneys for Plaintiff American Immigration Council* | United States Attorney's Office<br>Civil Division<br>601 D Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-7874<br>Stephanie.Johnson5@usdoj.gov<br><br>*Attorneys for the United States of America* |

Dated:  December 22, 2022