**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 18-1531 (RCL) |
| U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, *et al.*, | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

Pursuant to the Court's July 7, 2023 Minute Order, Plaintiff American Immigration Council ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP") and the U.S. Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of the status of Defendants' processing of Plaintiff's Freedom of Information Act ("FOIA") request, and to report on efforts to expedite the completion of such processing.

## CBP

As previously report, Plaintiff and CBP have taken productive steps to expedite the completion of CBP's processing of Plaintiff's FOIA request. For example, as described in the Parties' December 22, 2022, Status Report, CBP was able to more accurately de-duplicate records and to remove "junk" records. Dkt. 78 at 2. Additionally, in November 2022, CBP proposed and Plaintiff agreed to using exclusionary search terms (e.g., related to media summaries, court filings, and draft legislative materials) to exclude certain nonresponsive documents from the pool of

potentially responsive records. Combined, these efforts reduced the pool of potentially responsive records requiring processing by ***nearly 60%***. Also, in May 2023, CBP proposed, and Plaintiff agreed to additional exclusionary search terms (e.g., related to certain customs documents), and to eliminate budget or staffing records that do not mention either "family separation" or "zero tolerance," in order to further reduce the pool of potentially responsive records.

Furthermore, Plaintiff and CBP have reached agreement on several productive steps to expedite completion of Plaintiffs' FOIA request. As described in the Parties' December 22, 2022 Status Report, CBP agreed in principle to not automatically count every page of a nonresponsive record (which can comprise a large number of pages) against CBP's minimum quota of at least 500 pages of records processed each month, and to instead only count the number of pages reasonably necessary to identify such records as nonresponsive. Additionally, CBP stated that it "will continue to process as many records as possible each month but will commit to processing *at least* 500 pages of potentially responsive records each month." Plaintiff and CBP will continue to work together to adopt strategies for expeditiously completing processing of Plaintiffs' FOIA request, including by narrowing the pool of potentially responsive records by identifying additional exclusionary search terms that may be agreed upon by Plaintiff and CBP.

In June 2023, CBP processed 2,866 pages of records. On June 24, 2023, CBP reported that 1,268 pages were deemed nonresponsive, 619 pages are publicly posted information at certain cited websites, and 979 pages are duplicates of publicly posted information.

In July 2023, CBP processed 1,458 pages of records. On July 10, 2023, CBP reported that 1,015 pages were deemed nonresponsive, 184 pages are publicly posted information at certain cited websites, and 259 pages are duplicates of publicly posted information.

In August 2023, CBP processed 3,462 pages. On August 29, 2023, CBP reported that 2,947 pages were deemed nonresponsive. 176 pages are publicly posted information at certain cited websites, 334 pages are duplicates of publicly posted information, and 5 pages were released in full.

CBP expects to provide the next set of nonexempt, responsive records on or before September 29, 2023. Also, CBP needs additional time to determine how many more potentially responsive records remain and will provide that information to the Court as soon as practically possible. Further, CBP intends to follow up with the other agencies to which responsive records were sent for consultation and, if possible, will provide an estimate to Plaintiff regarding when records sent for consultation will be released.

## ICE

In June 2023, ICE processed 500 pages, determined that 186 pages were duplicates of records already produced, determined that 90 pages were non-responsive to the request, and referred 77 pages to outside agencies for consultation. On June 26, 2023, ICE made its forty-fifth interim release and withheld 2 pages in full, withheld 106 pages in part, and released 39 pages in full.

In July 2023, ICE processed 512 pages, determined that 87 pages were duplicates of records already provided; deemed 23 pages non-responsive; sent 49 pages to outside agencies for consultation; and referred 21 pages to CBP, 42 pages to DHS, and 1 page to EOIR for a direct response to the Plaintiff. On July 28, 2023, ICE made is forty-sixth interim release and withheld-in-part 226 pages and released in full 63 pages.

In August 2023, ICE processed 895 pages, determined that 102 pages were duplicates of records already produced; determined that 291 pages were non-responsive to the request; sent 11

pages to outside agencies for consultation; sent 24 pages to a third-party for submitter's review; and referred 86 pages to DHS for a direct response to the Plaintiff. On August 30, 2023, ICE made its forty-seventh interim release and withheld-in-part 311 pages and released in full 70 pages.

Based on these narrowing searches, there remains a total of approximately 6,292 pages of records to be processed. To speed up the processing, ICE has agreed to process 500 pages of responsive records per month, removing any pages that are duplicative or nonresponsive and not counting them towards the total processing monthly page rate. Thus, ICE has increased its processing rate to ensure that 500 pages of responsive records, rather than 500 pages of records generally are processed per month. This process began in August and ICE is in agreement to continue that process in order to complete the matter on an expedited basis.

ICE will continue to follow up with other agencies to which responsive records were sent for consultation.

## **DHS**

Except for the records sent for consultation to other agencies, DHS has completed producing all non-exempt records. On August 1, 2023, DHS reviewed 604 pages of which 271 pages were released in full, 207 pages were withheld in full, and 77 pages were disclosed in part pursuant to FOIA exemptions. 44 pages were sent for consultation to other agencies. On August 31, 2023, DHS reviewed 107 pages it received back as a referral from ICE. 3 pages were released in full and 93 pages were disclosed in part pursuant to FOIA exemptions. 11 pages were sent for consultation to other agencies. DHS will continue to follow up with the other agencies to which responsive records were sent for consultation and provide an estimate to Plaintiff regarding when records sent for consultation will be released.

\*   \*   \*

Based on the records that still need to be reviewed and the outstanding records on consultations, production will not be completed by the end of September 2023. The Parties, however, will continue to confer, attempt to further narrow the request, and endeavor to complete production as soon as practically possible. Defendants will also continue to follow up with the other agencies to which responsive records were sent for consultation. The Parties respectfully request additional time to complete production and propose filing their next joint status report on December 22, 2023, to update the Court on the processing of Plaintiff's FOIA requests.

Dated: September 22, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

*/s/ John F. Walsh*
John F. Walsh (Bar No. CO0074)
David P. Yin (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE & DORR LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
(202) 663-6000
john.walsh@wilmerhale.com
david.yin@wilmerhale.com

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Stephanie R. Johnson*
   STEPHANIE R. JOHNSON
   D.C. Bar #1632338
   Assistant United States Attorney
   United States Attorney's Office
   Civil Division
   601 D Street, N.W.
   Washington, D.C. 20530
   (202) 252-7874
   Stephanie.Johnson5@usdoj.gov

Emily Creighton (Bar No. 1009922)
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7500
ecreighton@immcouncil.org

*Attorneys for the United States of America*

*Attorneys for Plaintiff American Immigration Council*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, <br><br> Plaintiff, <br><br> v. <br><br> U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Civil Action No. 18-1531 (RCL) |

## [PROPOSED] ORDER

UPON CONSIDERATION of the Parties' September 22, 2023, Joint Status Report, and the entire record in this case, it is hereby

ORDERED that the Parties shall file another joint status report on December 22, 2023.

SO ORDERED.

_____     _____
Dated                                                        Hon. Royce C. Lamberth
                                                                    United States District Judge