# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN IMMIGRATION COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 18-1531 (RCL) |
| U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## JOINT STATUS REPORT

Plaintiff American Immigration Council ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP") and the U.S. Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of the status of Defendants' processing of Plaintiff's Freedom of Information Act ("FOIA") request, and to report on efforts to expedite the completion of such processing.

## CBP

In September 2023, CBP processed 1,519 pages of records.  On September 29, 2023, CBP reported that 1,390 pages were deemed nonresponsive, 91 pages are publicly posted information at certain cited websites, 7 pages are duplicates of publicly posted information.  Also on September 29, 2023, CBP released 31 pages with redactions applied pursuant to FOIA exemptions.

In October 2023, CBP processed 1,437 pages of records.  On October 31, 2023, CBP reported that 802 pages were deemed nonresponsive, 174 pages are publicly posted information at

certain cited websites, and 403 pages are duplicates of already processed information.  Also on October 31, 2023, CBP released 58 pages with redactions applied pursuant to FOIA exemptions.

In November 2023, CBP processed 1,057 pages.  On November 30, 2023, CBP reported that 902 pages were deemed nonresponsive, 74 pages are publicly posted information at certain cited websites, 74 pages are duplicates of publicly posted information.  Also on November 30, 2023, CBP released 7 pages with redactions applied pursuant to FOIA exemptions.

Plaintiff and CBP have taken further productive steps to expedite the completion of CBP's processing of Plaintiff's FOIA request.  Plaintiff and CBP agreed that CBP will narrow the pool of records that remains for processing by excluding from review records that contain the terms PREA, "Prison Rape Elimination Act," hiring, staffing, NII, or "non-intrusive inspection." Additionally, Plaintiff has proposed two additional ways to narrow the pool of records, which CBP is considering.  *First*, Plaintiff informed CBP that it should designate certain types of records as non-responsive and, pursuant to the parties' prior agreement, should not count such non-responsive records toward CBP's monthly quota.  Such record types of records include: (1) publicly available reports; and (2) litigation filings.  *Second*, Plaintiff proposed that CBP locate and produce only the latest/last version of the USBP Nationwide Apprehension Log and, assuming CBP can confirm it is the latest/last version, that CBP remove any earlier versions of the log from the pool.

As of October 2023, there were approximately 47,000 pages of records remaining for CBP to process.  Plaintiff and CBP will continue to work together to adopt strategies for expeditiously completing processing of Plaintiffs' FOIA request.  Further, CBP intends to follow up with the other agencies to which responsive records were sent for consultation and, if possible, will provide an estimate to Plaintiff regarding when records sent for consultation will be released.

## **ICE**

In September 2023, ICE processed 663 pages, determined that 54 pages were duplicates of records already produced, determined that 107 pages were non-responsive to the request, and referred 6 pages to CBP and 1 page to Department of Health and Human Services (HHS) for a direct response to the Plaintiff.  On September 28, 2023, ICE made its forty-eighth interim release, withheld-in-part 490 pages with redactions applied pursuant to FOIA exemptions, and released 5 pages in full.

In October 2023, ICE processed 586 pages, determined that 77 pages were duplicates of records already provided, and sent 6 pages to DHS and 18 pages to U.S. Citizenship and Immigration Services (USCIS) for consultation.  On October 27, 2023, ICE made its forty-ninth interim release, withheld-in-part 482 pages with redactions applied pursuant to FOIA exemptions, and released in full 3 pages.

In November 2023, ICE processed 1,047 pages, determined that 203 pages were duplicates of records already produced, determined that 344 pages were non-responsive to the request, sent 113 pages to outside agencies for consultation, and referred 23 pages to DHS for a direct response to the Plaintiff.  On November 27, 2023, ICE made its fiftieth interim release, withheld-in-full 1 page and withheld-in-part 352 pages with redactions applied pursuant to FOIA exemptions, and released in full 11 pages.

As of October 2023, there were approximately 6,300 pages of records remaining to be processed by ICE.  Plaintiff and ICE have taken further productive steps to expedite the completion of ICE's processing of Plaintiff's FOIA request.  As previously reported, ICE agreed to process 500 pages of responsive records per month, removing any pages that are duplicative or nonresponsive and not counting them towards the total processing monthly page rate; this process

began in August and ICE will continue that process in order to complete the matter on an expedited basis.  Additionally, Plaintiff proposed that ICE prioritize the review of certain documents within the pool of records that hit on two search terms, in order to expedite the processing of particularly salient records.  ICE has considered and declines Plaintiff's proposal because at this juncture running any additional narrowing searches will delay further productions and will require ICE to divert resources away from processing other FOIA requests. Given that ICE has already agreed to increase the processing rate in this matter to bring it to a conclusion as quickly as possible, resulting in the anticipated completion of the processing of the remaining records[1] in March 2024, it does not appear that any further narrowing searches will assist in speeding up that process and will only delay the completion of the processing.  ICE will continue to follow up with other agencies to which responsive records were sent for consultation.

## DHS

Except for the records sent for consultation to other agencies, DHS has completed producing all non-exempt records.  DHS will continue to follow up with the other agencies to which responsive records were sent for consultation and will provide an estimate, if able, to Plaintiff regarding when records sent for consultation will be released.

*     *     *

Based on the records that still need to be reviewed and the outstanding records on consultations, production will not be completed by the end of December 2023. The Parties, however, will continue to confer, attempt to further narrow the request, and endeavor to complete production as soon as practically possible.  Defendants will also continue to follow up with the

---

[1]     This timeframe pertains to the processing of the remaining outstanding records, and not any consultations that have or will be sent out in upcoming productions.

other agencies to which responsive records were sent for consultation.  The Parties propose filing their next joint status report on March 22, 2024, to update the Court on the processing of Plaintiff's FOIA requests.

Dated:  December 22, 2023

/s/ Amanda L. Major
Amanda L. Major (Bar No. 495968)
David P. Yin (*pro hac vice*)
WILMER CUTLER PICKERING
   HALE & DORR LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
(202) 663-6000
amanda.major@wilmerhale.com
david.yin@wilmerhale.com

Raul A. Pinto (Bar No. 90013180)
AMERICAN IMMIGRATION COUNCIL
1331 G Street, N.W., Suite 200
Washington, DC 20005
(202) 507-7549
rpinto@immcouncil.org

*Attorneys for Plaintiff American Immigration Council*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ Stephanie R. Johnson
         STEPHANIE R. JOHNSON
         D.C. Bar #1632338
         Assistant United States Attorney
         601 D Street, N.W.
         Washington, D.C. 20530
         (202) 252-7874
         Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*