UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Civil Action No. 18-1531 (RCL) |

## JOINT STATUS REPORT

Pursuant to the Court's March 24, Order (ECF No. 100), Plaintiff American Immigration Council ("Plaintiff") and Defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP") and the U.S. Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through their respective undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of the status of Defendants' processing of Plaintiff's Freedom of Information Act ("FOIA") request.

## CBP

CBP's Position: As noted in the February 24, 2025, Joint Status Report ("February 24 Report") (ECF No. 98) at 2, in earlier reports CBP had provided incorrect page counts of what remained to be processed. As a result of a closer examination, the numbers in the February 24 Report and herein are accurate.[1]  In the February 24 Report, CBP stated that there were

---

[1] CBP sincerely apologizes for any confusion. The earlier incorrect numbers were reported in error either because the attorney was looking at the wrong batch when she did a remaining page count or because she was subtracting the number of records processed by CBP from an earlier remaining page count that had been reported (without accounting for the narrowing agreements that greatly reduced the remaining page count).

approximately 205 pages of records that still needed to be processed, based on the narrowing criteria to which the parties agreed.  In addition to those pages, CBP also reported that it needed to process the spreadsheets identified by Plaintiff and records that were referred to CBP from ICE and DHS, which added up to approximately 1,200 pages.  Since the February 24, 2025, Joint Status Report, in terms of the pages referred from ICE and DHS, CBP completed its review of those pages and returned them back to ICE and DHS for reprocessing.  Also, in terms of the 205 pages of records that still needed to be processed and the specified spreadsheets, CBP completed processing those records.  As of March 24, 2025, CBP has completed processing and produced all non-exempt responsive records.

## ICE

ICE's Position:  As noted in the February 24 Report (ECF No. 98) at 3, except for records sent for consultation to other agencies, ICE has completed producing all non-exempt records.  ICE is reprocessing consult records as they are returned to ICE, and to that end, since the February 24 Report, ICE made an additional release on April 3, 2025, which consisted of 678 pages.  ICE reports that there remain approximately 3,000 outstanding pages that have been sent to other agencies for consultation.  Of the outstanding pages, nearly 500 pages are pending with the Department of Health and Human Services' Administration for Children and Families (HHS/ACF).  However, there is an ongoing reorganization at HHS, and HHS/ACF anticipates promptly processing the consult via the HHS/Office of the Secretary FOIA Office.  ICE will continue to follow up with HHS and other agencies to which responsive records were sent for consultation and, if able, will provide an estimate to Plaintiff regarding when records sent for consultation will be released.  ICE is making substantial efforts to complete the consultation process and any reprocessing by July 31, 2025, as the Court has ordered.

**DHS**

<u>DHS's Position</u>: As noted in the February 24 Report (ECF No. 98) at 4, except for the records sent to other agencies for consultation, DHS has completed producing all non-exempt records. In the February 24 Report, DHS stated that there were approximately 317 outstanding pages sent to other agencies for consultation, and approximately 288 pages had been sent to CBP for consultation. DHS has received back the outstanding pages sent to CBP and other agencies for consultation and is currently reprocessing the pages (approximately 317 pages). DHS also will be releasing an additional 30 pages referred to DHS by CBP, making the total anticipated release approximately 347 pages. In short, DHS is making substantial efforts to complete any reprocessing by July 31, 2025, as the Court has ordered.

\*   \*   \*

After production is completed, the parties will confer and attempt to resolve or narrow any substantive issues without judicial intervention.

In light of the above information, the parties propose filing their next joint status report on June 24, 2025, to update the Court on the processing of Plaintiff's FOIA requests.

\*   \*   \*

Dated: April 24, 2025

/s/ *Amanda L. Major*
Amanda L. Major (Bar No. 495968)
David P. Yin (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE & DORR LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
(202) 663-6000
amanda.major@wilmerhale.com
david.yin@wilmerhale.com

Raul A. Pinto (Bar No. 90013180)
AMERICAN IMMIGRATION COUNCIL
2001 L Street N.W.
Suite 500, PMB2026
Washington, DC 20036
(202) 507-7549
rpinto@immcouncil.org

*Attorneys for Plaintiff American Immigration Council*

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:   /s/ *Stephanie R. Johnson*
      STEPHANIE R. JOHNSON
      D.C. Bar #1632338
      Assistant United States Attorney
      PETER C. PFAFFENROTH
      D.C. Bar #496632
      Deputy Chief, Civil Division
      601 D Street, N.W.
      Washington, D.C. 20530
      (202) 252-7874
      Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 18-1531 (RCL)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of the parties' April 24, 2025, Joint Status Report, and the entire record in this case, it is hereby

ORDERED that the parties shall file another joint status report on June 24, 2025, updating the Court on the processing of Plaintiff's FOIA requests.

SO ORDERED.

Dated _____     _____
                                 Royce C. Lamberth
                                 United States District Judge